LEE BRAGGS v. THE STATE.

No. 14620.   Delivered October 14, 1931.
Rehearing Denied November 18, 1931.

The opinion states the case.

*Wm. A. Cline,* of Wharton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for the transportation of intoxicating liquor, punishment being assessed at two years' confinement in the penitentiary.

The record is before this court without bills of exception or statement of facts, and in such condition nothing is presented for review save as to some irregularities which appear.

The judgment condemns appellant to be guilty of a "violation of the liquor laws." There is no such offense known to the statutes and the

judgment will be corrected and appellant adjudged to be guilty of transporting intoxicating liquor.

The sentence imposed upon appellant is subject to the same vice wherein it recites that appellant had been adjudged to be "guilty of a violation of the liquor laws" and the sentence is likewise corrected to conform to the corrected judgment.

As reformed, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In the motion for rehearing the authority of this court to reform and affirm the judgment of conviction is attacked upon the contention that there being no statement of facts, this court could not be informed as to which count in the indictment was supported by the evidence. There are two counts: one charging unlawfully transporting intoxicating liquor; the other charging the unlawful possession of intoxicating liquor for the purpose of sale. An examination of the charge of the court reveals that but one count was submitted to the jury, namely, that of unlawfully transporting intoxicating liquor. From the state of the record, the presumption that the evidence supported that phase of the indictment is conclusive upon this court.

The motion for rehearing is overruled.

*Overruled.*